UNITED STATES, Appellee

v

RONALD J. WILSON, Private First Class, U. S. Marine Corps, Appellant

19 USCMA 498, 42 CMR 100

No. 22,711

June 19, 1970

*Commander E. M. Fulton, Jr.*, JAGC, USN, argued the cause for Appellant, Accused. With him on the brief was *Captain Frank A. Nelson*, JAGC, USN.

*Lieutenant Wayne E. Babler, Jr.*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Captain John J. Reilly*, USMCR.

FERGUSON, Judge:

Among the many offenses to which the accused pleaded guilty were two charges (Additional Charges VI and XI) alleging mutiny, in violation of Article 94, Uniform Code of Military Justice, 10 USC § 894. Except for a provision by the convening authority that the accused be credited with pretrial confinement, his sentence to a dishonorable discharge, total forfeitures, confinement at hard labor for five years, and reduction, remains unchanged. We granted review to determine the providence of the accused's guilty plea to the charges of mutiny.

The pertinent portions of Article 94, Code, supra, provides:

"(a) Any person subject to this chapter who—

(1) with intent to usurp or override lawful military authority, refuses, in concert with any other person, to obey orders or otherwise do his duty or creates any violence or disturbance is guilty of mutiny;

·    ·    ·    ·    ·

"(b) A person who is found guilty of attempted mutiny, mutiny, sedition, or failure to suppress or report a mutiny or sedition shall be punished by death or such other punishment as a court-martial may direct."[1]

The law officer's inquiry into the providence of the accused's plea of guilty was perfunctory. United States v Orr, 18 USCMA 568, 40 CMR 280 (1969); cf. United States v Care, 18 USCMA 535, 40 CMR 247 (1969). He did not delineate for the accused the elements of the offense of mutiny; particularly, he did not determine from the accused whether he was aware of the fact that in order to be guilty of this offense he must have committed the actions described in the specifications with the specific intent to "usurp or override lawful military authority."

Since the record of trial contains no evidence that offsets this deficiency (United States v Care, supra), the accused's conviction for mutiny must be reversed. United States v Orr, supra.

In view of the action we take, we need not now decide whether the accused's alleged actions were sufficient to constitute the so-called "one-man mutiny." In the event of a rehearing, interested parties should refer to this Court's opinions in United States v Duggan, 4 USCMA 396, 15 CMR 396 (1954), and United States v Woolbright, 12 USCMA 450, 31 CMR 36 (1961).

That portion of the decision of the Court of Military Review affirming the accused's conviction of Additional Charges VI and XI is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty or it may order a rehearing on the affected charges and specifications.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

During the inquiry into his understanding of the offenses charged and the legal consequences of his plea, the accused advised the law officer that he knew that "the facts" alleged in each specification embraced the "elements" of the offenses charged; that his counsel had "explained each and every element of each and every offense"; that he understood the elements "thoroughly"; and that he did not desire further explanation. Substantially similar representations in other cases led us to conclude that the accused knew and understood the elements of the offenses charged, thereby assuring on the record that his plea of guilty to each was provident. United States v Gremillion, 18 USCMA 568, 40 CMR 280 (1969); United States v Romero, 18 USCMA

---

[1] Since this case was referred to trial as noncapital, the law officer informed the court that the maximum imposable confinement was life imprisonment.

578, 40 CMR 290 (1969); United States v Graan, 18 USCMA 586, 40 CMR 298 (1969). I would, therefore, affirm the decision of the United States Navy Court of Military Review.